**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BAHRAM MASKANIAN, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO & COMPANY, <br><br> Defendant. | Removed from the Supreme Court of the State of New York, Kings County, Index No. 351/2021 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, for the reasons stated herein and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo & Company ("Wells Fargo") hereby removes the above-captioned action ("Action") from the Supreme Court of the State of New York, County of Kings ("State Court"), to the United States District Court for the Eastern District of New York.

Removal is proper under 28 U.S.C. § 1441(a). Wells Fargo appears for the purpose of removal only and for no other purpose. Wells Fargo reserves all rights and defenses. As grounds for removal, Wells Fargo states as follows:

**SUMMARY**

1. This Court has original jurisdiction over this civil action because Plaintiff Bahram Maskanian ("Plaintiff" or "Maskanian") asserts a cause of action arising under Dodd-Frank Wallstreet Reform and Consumer Protection Act, Title 15 U.S.C. § 78u *et seq.*, and Title 18 U.S.C. § 656 (Theft, embezzlement, or misapplication by bank officer or employee). This Court has original jurisdiction over all civil actions arising under the federal law. 28 U.S.C. § 1331.

119694122

2. Wells Fargo reserves its rights to supplement or amend this Notice of Removal in the event that additional grounds for removal become apparent.

## PARTIES

3. Plaintiff is a resident of New York. (Compl. ¶ 1).

4. Wells Fargo is a national banking association, with its main office in Sioux Falls, South Dakota. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188, 191 (S.D.N.Y. 2011) ("Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.").

## PROCEDURAL HISTORY AND BACKGROUND

5. On or about August 24, 2021, Plaintiff initiated this action in the Supreme Court of the State of New York, County of Kings (the "State Action") by filing a Complaint styled as *Bahram Maskanian v. Wells Fargo & Company,* Index No. 351/2021.

6. On or about September 9, 2021, Plaintiff served Wells Fargo with the Complaint. A copy of the Notice of Service of Process and Complaint is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will provide written notice of the removal to the Plaintiff in this action and will file a copy of this Notice of Removal with the Kings County Supreme Court of New York. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

7. Exhibits A and B constitute all of the process, pleadings, and orders served in this case. *See* 28 U.S.C. § 1446(a). Wells Fargo has not answered, moved, or otherwise responded to the Complaint.

8. Wells Fargo filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint. No motions or other proceedings in this Action are pending in State Court.

## JURISDICTIONAL GROUNDS FOR REMOVAL

9. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Citibank, N.A. v. Swiatkoski*, 395 F.Supp.2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)).

10. Here, the Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction.

11. Plaintiff's claim arises under federal law. Specifically, Plaintiff alleges Wells Fargo violated the Dodd-Frank Wallstreet Reform and Consumer Protection Act, Title 15 U.S.C. § 78u *et seq*. and Title 18 U.S.C. § 656 (Theft, embezzlement, or misapplication by bank officer or employee) by "defrauding and robbing their customers." (Compl., ¶ 3).

12. Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . " U.S. Const., Art III, Sec 2. This clause has been interpreted broadly and courts have found that this clause allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). Additionally, 28 U.S.C. § 1331 gives federal courts jurisdiction only to hear those cases which arise under federal law. A "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257 (1916); *see also Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997) ("[A] case may be filed in federal court only if a federal question appears on the face of the plaintiff's 'well-pleaded-complaint.'").

13. Here, because Plaintiff's causes of action in the Complaint are based on federal law, there is federal question jurisdiction.

14. If any questions arise as to the proprietary of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

15. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division in which within which [this] action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 112(b).

## OTHER PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will promptly file a Notice of Filing of Notice of Removal with the Clerk of the State Court. Wells Fargo will also serve Plaintiff with a copy of the Notice of Filing and the Notice of Removal. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Wells Fargo will file with this Court a Certificate of Service of the Notice of Filing and the Notice of Removal.

17. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18. By filing this Notice of Removal, Wells Fargo does not waive and expressly reserves any defenses that may be available to it (including without limitation defenses relating to jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

19. Wells Fargo reserves the right to submit at an appropriate time and under appropriate confidentiality protections factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should that become necessary.

20.     Wells Fargo reserves the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

WHEREFORE, Wells Fargo hereby removes this Action from the Supreme Court of the State of New York, County of Kings, to this Court.

Dated: September 27, 2021                Respectfully submitted,

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Stephen J. Steinlight*
Stephen J. Steinlight, Esq.
NY Bar No. 028852001
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6008
Facsimile: (212) 704-6288
Email: stephen.steinlight@troutman.com
*Attorney for Defendant Wells Fargo & Company*

119694122

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September 2021, I served a copy of the foregoing, **Notice of Removal**, via U.S. Mail, postage prepaid, on:

Bahram Maskanian
6102 5th Ave., #205390
Brooklyn, NY 11220
*Pro Se Plaintiff*

            */s/ Stephen J. Steinlight*
            Stephen J. Steinlight, Esq.

119694122