UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
BAHRAM MASKANIAN,

                            *Plaintiff*,               **MEMORANDUM AND ORDER**
                                                      21-cv-5361 (KAM)(RML)

     -against-

WELLS FARGO & COMPANY,

                            *Defendant*.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

         Plaintiff Bahram Maskanian, proceeding *pro se*, commenced the above-captioned action in the Supreme Court of the State of New York, Kings County against Defendant Wells Fargo & Company ("Wells Fargo"). (Docket No. 1-2 ("Compl.").) Plaintiff asserts claims for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5301 *et seq.* (the "Dodd-Frank" Act), and pursuant to the federal criminal code, 18 U.S.C. § 656, for theft, embezzlement, or misapplication a by bank officer or employee. (Compl. at 4, ¶ 3.[1])

         On September 27, 2021, Defendant timely removed the action from state court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking this Court's original federal question jurisdiction. (*See* Docket No. 1 ("Notice of Removal") at 1.)

---

[1] All pagination citations refer to the page number assigned by the Court's CM/ECF system.

Presently before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, Defendant's motion is GRANTED.

<u>**BACKGROUND**</u>

The following facts, set forth in the Complaint and the attached exhibits, are presumed true for purposes of considering Defendant's motion.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016) (holding that courts may consider on a motion to dismiss "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" and other documents "integral" to the complaint).

On May 5, 2021, Plaintiff checked his Wells Fargo account online to see if an unsubscribed news outlet had charged his account.  (Compl. at 4, ¶ 4.)  He alleges that he then discovered "what he thought at first [was] a miscalculation" on his 03/29/2021 to 04/27/2021 statement.  (*Id.*)  Plaintiff called Wells Fargo customer service on four separate occasions on May 5 in an attempt "to explain the overcharging," but alleges that "none of them would listen to simple logic and math."  (*Id.*)  Plaintiff describes subsequent unsuccessful attempts to report the alleged error to Wells Fargo.

2

Upon receiving his paper bill in the mail on May 9, 2021, Plaintiff paid his bill in full, minus $259.90, the charge which Plaintiff describes as "fraudulent overcharging." (*Id.* at 5, ¶ 5.) Plaintiff alleges, in short, that Wells Fargo "hide[s]" the $259.90 sum within "'New Balance'" on its account statements. (*Id.* at 5, ¶ 6.)

A few days later, a person from Well Fargo, "Christina S," left Plaintiff a voicemail saying that she had received Plaintiff's letter of calculations alongside his payment. Plaintiff called and spoke with Christina on May 24, 2021, but the call did not resolve Plaintiff's issue. (*Id.* at 5, ¶ 7.) Following this call, Plaintiff sent an email to various members of Wells Fargo upper management regarding his case, and spoke with other Wells Fargo representatives to no avail. (*Id.* at 5-6, ¶¶ 8-10.) Plaintiff claims that "Wells Fargo's behavior and blatant refusal to remove the overcharge made plaintiff certain, that Wells Fargo's staff are involved in a systemic and deliberate accounting fraud perpetrated on their customers." (*Id.* at 6, ¶ 11.) On June 21, 2021, Plaintiff filed a Civilian Crime Report with the U.S. Attorney's Office for the Southern District of New York, in which he asserted that he was "convinced [Wells Fargo's] double charging is systematic and widespread,"

and that it "[s]eems they are double charging many other customers as well." (Compl. at 9-10.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), a district court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In considering a 12(b)(6) motion, the court may also refer to "documents attached to the complaint as an exhibit or

4

incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1993) (clarifying that "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough") (emphasis omitted).

Where, as here, the plaintiff is proceeding *pro se*, pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). But although liberally interpreted, a *pro se* complaint must still state a claim to relief that is plausible on its face, as the "duty to liberally construe a plaintiff's complaint [is not] the

equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

### I.  Dodd-Frank Act

The Dodd-Frank Act was enacted to "promote the financial stability of the United States by improving accountability and transparency in the financial system, to end 'too big to fail', to protect the American taxpayer by ending bailouts, to protect consumers from abusive financial services practices, and for other purposes."  Pub. L. No. 111-203, 124 Stat. 1376 (2010).

Plaintiff asserts in his Complaint that the Dodd-Frank Act "states that it is unlawful for any provider of consumer financial products and services to engage in any deceptive, fraudulent, or abusive act of business practice."  (Compl. at 4, ¶ 3.)  The Court accordingly construes the Complaint as asserting a claim pursuant to 12 U.S.C. § 5531(a) which provides:

> The Bureau may take any action authorized under part E to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.

12 U.S.C. § 5531(a).

6

It is well-established and courts have consistently found, however, that the Act does not provide for a private right of action under this provision. *See, e.g., Oparaji v. ABN AMRO Mortg. Grp., Inc.,* No. 19-CV-01650 (MKB), 2020 WL 9816011, at *16 (E.D.N.Y. Sept. 18, 2020) ("Plaintiff provides no statutory basis, and the Court can find none, for finding a private right of action under these provisions of the statute, which outline duties, authorities, and enforcement powers of the Consumer Financial Protection Bureau.") (collecting cases); *Bonilla v. Am. Heritage Fed. Credit Union*, No. 20-CV-2053, 2020 WL 2219141, at *10 (E.D. Pa. May 7, 2020) ("The Dodd-Frank Act vests authority in the Consumer Financial Protection Bureau to enforce section 5531. There is no private right of action under section 5531."); *Beider v. Retrieval Masters Creditors Bureau, Inc.,* 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015) ("The Court is not aware of any language of Dodd-Frank explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices.").

Further, courts have "commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them." *Beider*, 146 F. Supp. 3d at 472 (citing *Regnante v. Sec. Exch. Offs.*, 2015 WL 5692174, at *7 (S.D.N.Y. Sept. 28, 2015) (collecting cases)); *see also*

*Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007) ("This Court . . . cannot ordinarily conclude that Congress intended to create a right of action when none was explicitly provided.").

As Defendant notes in its memorandum of law, (ECF No. 32-1 ("Def. Mem.") at 5), Dodd-Frank amended the Securities Exchange Act of 1934 to include 15 U.S.C. § 78u-6, a "whistleblower" provision intended "to protect whistleblowers from employment discrimination." *Digit. Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 773-74 (2018). Section 78u-6 defines "whistleblower" as "any individual who provide[s] ... information relating to a violation of the securities laws to the Commission, in a manner established, by rule or regulation, by the Commission." *See* 15 U.S.C. § 78u-6(a)(6); *see also Digit. Realty Trust*, 138 S. Ct. at 775 ("Dodd-Frank permits a whistleblower to sue a current or former employer directly in federal district court."). This amendment "create[d] a private right of action [by a former or current employee] against an employer who retaliates against a whistleblower for engaging in one or more of three categories of protected activity." *Daly v. Citigroup Inc.*, 939 F.3d 415, 422 (2d Cir. 2019).

Here, Plaintiff cannot state a claim under the Dodd-Frank Act because he has not pleaded facts demonstrating that he

is a "whistleblower" as defined in or protected by the Act, such as allegations that Defendant is a current or former employer of Plaintiff or allegations that Plaintiff has provided information to the Commission about Defendant's alleged violations of securities laws.  Dodd-Frank's narrow private right of action permits whistleblowers to sue a current or former *employer* — Plaintiff has not alleged that he is a current employee or was previously an employee of Defendant Wells Fargo.[2]  In fact, Plaintiff's allegations demonstrate that he was a *customer* of Defendant.  Plaintiff's Complaint references Plaintiff viewing his "Wells Fargo's VISA account online," calling "Wells Fargo's customer service," "using Wells Fargo's online messaging center," and other references to being a customer of Defendant. (*See, e.g.,* Compl. at 4-6.)  Accordingly, Plaintiff's claim under the Dodd-Frank Act is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. **18 U.S.C. § 656**

Plaintiff also purports to bring a claim against Defendant pursuant to 18 U.S.C. § 656, a federal criminal statute that makes the "[t]heft, embezzlement, or misapplication by [a]

---

[2] Moreover, 15 U.S.C. § 78u-6(h) of Dodd-Frank, governing "Protection of Whistleblowers," states in part: "No *employer* may discharge, demote, suspend, threaten, harass, direct or indirectly, or in any other manner discriminate against, *a whistleblower in the terms and conditions of employment* because of any lawful act done by the whistleblower . . . ." 15 U.S.C. § 78u-6(h)(1)(A) (emphasis added).

bank officer or employee" punishable by imprisonment, fine, or both. It is well-established, however, that "federal criminal statutes do not provide private causes of action," *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); *Spanierman v. 4 Park Assocs. LLC*, No. 20-CV-4372 (LLS), 2020 WL 4547616, at *2 (S.D.N.Y. Aug. 4, 2020) (holding that Plaintiff "cannot rely on a federal criminal statute as a basis for this civil action because such statutes do not provide private causes of action") (collecting cases); *Tasaka v. Bayview Loan Servicing, LLC*, No. 17-CV-07235 (LDH), 2022 WL 992472, at *6, *6 n.11 (E.D.N.Y. Mar. 31, 2022). In fact, "[i]t is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972). Accordingly, as Plaintiff "has no right or authority to compel anyone's prosecution or to enforce federal criminal laws," his claim under 18 U.S.C. § 656 must be dismissed. *See Spanierman*, 2020 WL 4547616, at *2.[3]

---

[3] To the extent Plaintiff may be alleging a claim for common law fraud under New York state law, the Court also declines to exercise supplemental jurisdiction over any such claim, as the Court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

10

### III. Leave to Amend

The Court finds here that amendment would be futile because the defects in Plaintiff's liberally-construed claims are "substantive" and "better pleading will not cure [them]." *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) ("If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'") (citation omitted)); *Oparaji*, 2020 WL 9816011, at *18.

Furthermore, "the Second Circuit has consistently stated that district courts may deny leave to amend when plaintiffs request such leave in a cursory sentence on the last page of an opposition to a motion to dismiss, without any justification or an accompanying suggested amended pleading." *In re Ferrellgas Partners, L.P., Sec. Litig.,* No. 16-CV-7840 (RJS), 2018 WL 2081859, at *20 (S.D.N.Y. Mar. 30, 2018) (collecting cases), *aff'd*, 764 F. App'x 127 (2d Cir. 2019) (summary order).  Here, in his opposition to Defendant's motion to dismiss, Plaintiff has not even requested leave to amend "in a cursory sentence," much less provided any basis for amending his complaint. (*See generally* ECF No. 32-2, Pl. Opp.)  Plaintiff

did not address any of Defendant's arguments as to why amendment is not warranted and why amendment would be futile, nor has Plaintiff even requested leave to amend in the first place. *See Food Holdings Ltd. v. Bank of Am. Corp.*, 423 F. App'x 73, 76 (2d Cir. 2011) (summary order) (finding that the district court did not abuse its discretion by declining to grant leave to amend, in part because Plaintiff did not "submit a proposed amended complaint or a motion to amend that identified and explained their position"). The Court can identify no facts that Plaintiff could plead to resurrect either his Dodd-Frank claim or his criminal complaint. Accordingly, for the stated reasons, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED, without leave to amend. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant, to close the case, and to mail a copy of this Memorandum and Order and the judgment to Plaintiff, and note service on the docket by June 21, 2023.

**SO ORDERED.**

_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated: June 20, 2023
       Brooklyn, New York

12